## 10715

### BART *ET AL.* v. SRIBNIK

#### (109 S. E. 112)

1. TRUSTS—SEPARATION AGREEMENT HELD IN EFFECT NOT A TRUST DEED.—Separation agreement, in which husband gave wife the right to occupy certain property in consideration of the relinquishment by her of all claims for alimony, maintenance, and support which specified that it was the husband's intention that after the wife's death such property should belong to their son, *held* not a trust deed.

2.  JUDGMENT—DOCTRINE OF RES JUDICATA APPLIES ONLY TO PARTIES
    AND THEIR PRIVIES.—The doctrine of res judicata applies only to
    parties and their privies.

Before MEMMINGER, J., .Charleston, August, 1920.
Reversed.

Action by Margaret Ellen Bart and Stephen E. Welch as
trustees under Post Nuptial Settlement of Charles E. Bart
against H. Sribnik. Decree for plaintiffs and defendant
appeals.

*Mr. Louis M. Shimel,* for appellant, cites: *Instrument
with one witness invalid to pass title of real property* : Cheves
272. *Certainly not in fee* : 51 S. C. 555. *Fee can be con-
veyed where all contingent remaindermen in esse are made
parties* : 24 S. C. Eq. *But not where res is to be destroyed
will the Court bind unborn remaindermen* : 80 N. Y. 320.
*Statute of limitation does not commence to run until life
tenant's death* : 59 S. C. 440.

*Messrs. Buist & Buist,* for respondents, cite : *Equity in
construing trust will pass fee if that be intent of grantor
even though the word "heirs" be not used* : 15 S. C. 277;
35 S. C. 314; 44 S. C. 503; 46 S. C. 337; 46 S. C. 522; 51
S. C. 555; 88 S. C. 296. *Decree of 1886 is binding on re-
maindermen in esse and afterborn* : 19 S. C. Eq. 321; 24
S. C. Eq. 1; 22 S. C. 323; 22 S. C. 412; 31 S. C. 91; 66
S. C. 155; 79 S. C. 64; 80 S. C. 80; 132 U. S. 652. *Case
is different from* : 18 S. C. 47; 75 S. C. Eq. 475; 92 S. C.
525; 20 S. C. 71. *Court will scrutinize sale affecting
rights of minors, but may approve* : 112 S. C. 284; 104
S. E. 321. *Contract not speculative within doctrine of* :
114 S. C. 245.

September 28, 1921.

The opinion of the Court was delivered by MR. JUSTICE
FRASER.

Casper Bart and Louisa, his wife, found that they could
not live together. There was some litigation between them,
and an agreement was reached, and was as follows :

"(1.)    The said Louisa Bart and C. Bart for the cause of incompatibility of temper and other sufficient causes, agree henceforth to cease to live with each other as man and wife.

"( 2 )    In the separate condition of Louisa Bart, C. Bart agrees that during his life and during her life, Louisa Bart may occupy the property in King street in which she now resides and carries on the business of selling fruits and vegetables, rent free; but upon the condition that the said Louisa Bart will pay the taxes levied upon the said property.

"(3)    The said Louisa Bart agrees that henceforth she renounces all claims upon the said C. Bart, for alimony, maintenance and support; and that she will in proper manner give notice to all persons that henceforth she will contract and be contracted with as if she were unmarried; such that the said C. Bart is not liable in any manner for such contract or contracts made by her.

"(4)    That the said C. Bart agrees that so long as the said Louisa Bart shall keep to and perform the matters and things in the third paragraph of this memorandum mentioned to be done by her and shall pay the taxes levied upon the property in King Street in the city of Charleston occupied by her, she shall have the privilege during his life and her life to occupy and enjoy the same rent free.

"(5)    All suits and proceedings in the Courts of this State between the said Louisa Bart and the said C. Bart shall be discontinued and dismissed.

"(6)    If the said Louisa Bart during her lifetime shall for sickness or other cause not wish to continue the business in which she is now engaged, she shall have the privilege of renting out the said house in King street or such portions thereof as she shall not occupy; receiving the rent therefor without molestation of the said C. Bart; she, the said Louisa Bart, paying as hereinbefore stated, the taxes levied

on the same, it being the intention of C. Bart, that after the death of the said Louisa Bart the said house shall belong to the son of the said C. Bart and Louisa Bart, and who is named Charles Bart, baptized Charles Edward Bart

"Witness the hands and seals of the said C. Bart and Louisa Bart, this March, 1876.

"LOUISA BART.        [L. S.]
"C. BART.            [L. S.]

The case contains this statement:

"This instrument was signed by both parties in the presence of one witness, and the same was duly probated and was recorded in the R. M. C. office for Charleston county, on the 29th day of March, 1878.

"On the 19th day of November, 1885, the said Casper Bart died in the county of Charleston, State aforesaid, leaving his last will and testament bearing date of 4th day of July, 1885, which was duly admitted to probate by the Probate Judge of the county of Charleston, State aforesaid, on the 25th day of November, 1885, by which will the testator devised his residuary estate unto his executors in trust to collect the rents and to pay over the same unto the testator's son, Charles E. Bart, during his life, and upon his death to the testator's daughter-in-law, Margaret Ellen Bart, during her life, and upon her death to apply the income towards the support of the child or children begotten by the said Charles E. Bart and Margaret Ellen Bart, and to divide the estate upon the said children's reaching the age of 21, and should both the said Charles E. Bart and his wife, Margaret Ellen Bart, die without leaving surviving them any child or children of their marriage, then and in that event the said executors were directed to divide the estate equally between such of the children of the testator's brothers, Matz Bart and John Bart, as should be living at the time of the death of the said Margaret Ellen Bart, share and share alike.    Testator appointed Charles E. Bart and

Stephen Elliott Welch executors of his will, and authorized and empowered his executors or such of them as might qualify, and the survivors of them, to sell, alien, or otherwise dispose of any portion of his estate upon such terms as the executors or executor should deem proper.

"Charles E. Bart died on September 29, 1892, without leaving any children, and Margaret Ellen Bart is still alive, but has no children."

Upon the death of Casper Bart his executors brought a proceeding in which Valentine Bart, Peter Bart, Vincent Bart, John Bart, Helena Bart Melchers, and Carolina Bart Pflieger, the only living children of Matz Bart, and Eugene Bart, Charles Bart, John Bart, the younger, Erbest Bart, Leonora Bart, and Marie Bart, the only living children of John Bart, were made parties defendant, in which proceeding the executors asked for instructions from the Court as to whether or not the property involved in this case was the property of Casper Bart at the time of his death, or whether it was vested in his son, Charles M. Bart, by virtue of the agreement entered into between the said Casper Bart and his wife, Louisa Bart. In that proceeding the master found the facts to be as hereinbefore recited, and further found that Louisa Bart had entered into possession of the premises, pursuant to the agreement with her husband as hereinabove set forth, and that during her lifetime she had paid the taxes thereon, and had complied with the provisions of the third article of the said agreement, as well as with those contained in the fifth article thereof; that during her lifetime she had continued to enjoy the rents, issues, and profits of the premises without any molestation of her husband, and that upon her death in July, 1879, Charles E. Bart, their son, had entered into possession of the premises, claiming the same in fee simple under and by virtue of the provisions of the agreement hereinbefore set forth, and that he, the said Charles E.

Bart, continued so to do up to the execution of the post-nuptial settlement made by him in December, 1885, and hereinafter referred to, and that by the said marriage settlement the said Charles E. Bart particularly and emphatically claimed such fee simple, and that during the lifetime of Casper Bart he suffered and permitted his said son, Charles E. Bart, to collect the rents of the premises and to claim absolute ownership thereof. The master further found that the children of John Bart and Matz Bart, mentioned above as defendants in the suit, were the only remaindermen in esse and within the jurisdiction of the Court. There were no other remaindermen in esse.

Margaret Ellen Bart, through her agents, agreed to sell, and the defendant, Sribnik, agreed to purchase, the lot of land in question, but Sribnik, refused to comply, on the ground that the plaintiff could not give good title. The plaintiff brought this action for specific performance, and secured a decree holding that the title is good, and the defendant ordered to comply. From this decree this appeal is taken.

1, 2    The plaintiff claims that the agreement between Casper Bart and his wife, though informal, is in effect a trust deed, and words of inheritance are unnecessary. The agreement has no element of a trust deed. Casper Bart had a legal obligation to support his wife, and she had a legal right to inchoate dower. It was agreed that all of the wife's claim against her husband should be met by the use of the property turned over to her for her use during her life. No title passed, nor is there anything in the agreement to indicate such purpose. Charles Edward Bart was not a party to the agreement, and the absence of any statement as to the interest he should take would render the grant, even if it were a grant, void for uncertainty. The subsequent will indicated that Casper did not think he had parted with title. After Casper's death, Charles Ed-

ward, acting as executor, brought a suit, the object of which was to eliminate the contingent remaindermen, under the will of which he was acting executor. It is said that it is too late now to raise this question, as the judgment was taken in that case, and it is now res adjudicata. It is elemental law that the doctrine of res adjudicata applies only to parties and their privies. There are exceptions to this rule, but they are founded on necessity, and there is no necessity here. The contingent remaindermen are not parties to this suit, and they cannot assume to be conclusively bound by the former action, unless they are parties. It may be that while they may appear to have been parties, they were not so in fact. If they shall still raise that question, this proceeding does not bind them, because they are not parties to this proceeding.

We have been asked to decide all the questions raised. We can render no effective judgment against those not parties to this proceeding, and it would be misleading to attempt to do so.

The judgment is reversed.